UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES GREGORY CASTILLO,<br><br>                   Plaintiff,<br><br>vs.<br><br>COUNTY OF YAKIMA, JAMES P. HAGARTY, JARED BOSWELL, BLAINE GIBSON and KENNETH RABER,<br><br>                   Defendants. | NO. CV-11-3055-JPH<br><br>REPORT AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT |

BEFORE THE COURT is Plaintiff's First Amended Complaint (ECF No. 8). An amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (*citing to London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.1981)); *accord Forsyth*, 114 F.3d at 1474. Therefore, **IT IS ORDERED** the District Court Executive shall **TERMINATE** Kevin Eilmes, Therese Murphy, Michael G. McCarthy, Ruth E. Reukauf, Frank J. Gavin, Michael Schwab, Paul Kelley, and L. Daniel Fessler from this action and **ADD** Defendants Jared Boswell, Blaine Gibson and Kenneth Raber.

After review of the First Amended Complaint, however, the court finds it fails to cure the deficiencies of the initial complaint. Mr. Castillo appears to complain that

REPORT AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT -- 1

Yakima County and its prosecutor's office failed to diligently pursue a 1998 arrest warrant against him. Plaintiff states he assumed the absence of any warrant was verified when U.S. Border Customs Agents released him after a two hour detention at the San Ysidro, California/Tijuana, Mexico boarder crossing on December 27, 2007.

Plaintiff asserts the delay between the time the 1998 warrant was issued and the date of his arrest on May 24, 2010, violates his rights to a speedy trial, and evidences a "bad faith delay" and "lack of diligence" by Yakima County and its prosecuting authority. Plaintiff states he has been in the custody of Yakima County Corrections since July 8, 2010, and has never signed a waiver of his speedy trial rights.

Plaintiff asserts Defendant Judge Blaine Gibson presided over a "private hearing in an excluded courtroom," on or about May 12, 2011. He claims his attorney, Defendant Kenneth W. Raber, made an incorrect and misleading declaration which Judge Gibson and Defendant Jared Boswell, an Assistant District Attorney, failed to negate. Plaintiff asserts he believed a "conspiratorial relationship between these three parties was confirmatively [sic] fused" at this hearing. Plaintiff's initial complaint was signed on May 11, 2011. Therefore, any claim arising after that date would need to be presented in a separate action after available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a).

Plaintiff also complains between January 4, 2011, and July 13, 2011, Defendant Raber, his assigned counsel, requested approximately five continuances in order to interview witnesses and file motions. Plaintiff contends there is no record of any motions filed or interviews taking place. He avers the delays are not justifiable.

Plaintiff makes no assertion he has exhausted claims of inordinate delay or violations of his speedy trial rights in the appropriate Washington State courts. His contention he "brought this fact to the attention of four different Yakima County Superior Court Judges," is insufficient to show proper exhaustion to the State's highest court.

REPORT AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT -- 2

Plaintiff's claims that his criminal proceedings were unduly delayed are barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). He is not entitled to the relief he seeks at this time. Again, Plaintiff may seek an appropriate state court remedy regarding his speedy trial rights, and pursue a federal habeas action once his state court remedies have been exhausted.

For the reasons set forth above and in the court's prior Order, **IT IS RECOMMENDED** the complaint be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and that such dismissal count as one under 28 U.S.C. § 1915(g).

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(e), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals;

REPORT AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT -- 3

only the district judge's order or judgment can be appealed.

**IT IS SO RECOMMENDED.** The District Court Executive is directed to enter this Report and Recommendation, forward a copy to Plaintiff and SET A CASE MANAGEMENT DEADLINE ACCORDINGLY.

**DATED** this 9th day of September, 2011.

                        S/ James P. Hutton
                        JAMES P. HUTTON
           UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT -- 4